Our second case for argument this morning is Nicole K. v. Stigdon. Mr. Lloyd. Thank you, and may it please the Court. Seth Lloyd for Appellants. Federal courts have a virtually unflagging obligation to decide cases within their jurisdiction. Because of that, Younger abstention is limited to specific and exceptional circumstances. For multiple independent reasons, the District Court erred in concluding those circumstances exist here. First, Younger... You know, I'm going to stop you because I am puzzled, a bit puzzled, I should say, by the argument that Younger is concerned only with ongoing proceedings. And you characterize the Chin's proceedings as completed. If the proceedings are completed, then why do the children need counsel? And if they are not completed, then surely they are ongoing. The description of the proceedings where this periodic review occurs sounds ongoing. To be clear, Judge Ravner, we don't dispute that there is an ongoing proceeding in the sense that you just said, which is that the Indiana courts maintain jurisdiction to periodically review the children's case plans and determine whether the services that they're receiving are sufficient to meet their needs. What we say already ended is the type of proceeding that the District Court focused on, which is the proceeding that determined whether abuse occurred and whether the children should be removed from their homes. Those proceedings for our plaintiffs all ended years ago and ended in dispositional decrees that under Indiana law were final judgments that put an end to the proceeding. But I don't see where you get this crisp line that you're talking about. I can think of other state judicial proceedings, whether they have to do with child custody, where there might be a decree that ends a marriage or things in the estates and trusts area. The state courts sometimes are engaged in this kind of long-term supervision of relationships and status. It's quite unusual for the federal courts, but I'm very troubled at the idea that the federal court can parachute in and tell the state court that one particular procedural incident, even an important one like counsel, should be part of their proceedings. Our position doesn't depend on there being necessarily a sharp line, Judge Wood. We have three independent reasons why the proceedings here would not implicate younger, and none of those depend on it being a sharp line. First of all, even if you considered the initial proceeding that determined whether abuse occurred, those proceedings are not prosecution or quasi-criminal proceedings against the children. Younger is confined to cases in which the federal plaintiff actually or arguably violated state law. The defendant's concession here that the children are innocent of any wrongdoing alone requires reversal. The defendants in the district court are wrong to point to the children's parents and argue that the parents may have violated state law. Can I just quickly ask you how you reconcile the statement you just made about violations of state law with our relatively recent decision in the courthouse news case where we saw broader issues of comedy about federal courts telling state courts how to do their business? Well, to be clear, I think the courthouse news decision expressly said that the result there was not technically in line with the younger provision, and I think the court there relied on cases like Rizzo and O'Shea, which the defendants here have not argued and was not the basis for the district court's decision. Instead, the district court thought it was required to abstain under the pure line of younger decisions, and that's wrong because... Mr. Lloyd, I share Judge Wood's concern. Just forget about younger for the moment. Suppose there is some ongoing state case, say it's a private lawsuit based on contract law, and the defendant says this contract violates the antitrust law. Can the defendant go to federal court and ask a federal judge to tell the state judge what antitrust law requires in these circumstances? I think the answer would depend on a couple of factors, Judge Easterbrook. It would depend on, first, is the state proceeding in any way a prosecution or quasi-prosecution of... Mr. Lloyd, I am asking you to forget about younger. Okay. That would be a question in younger. I'm asking for normal rules of procedure. Can one who has a federal issue in part of a state case go to federal court and say, I want you, Mr. Federal Judge, to decide the federal issue and tell the state judge how to rule on the federal issue? I don't want you to decide the whole case. That's pending in the state court. I just want you to decide the federal issue. Must a federal judge oblige? Well, I think there are potentially other abstention principles. I'm not asking about abstention principles. Forget about younger. Forget about abstention. Just address the question as I have posed it. And I guess I'm not quite sure how to address the question without... It's okay. The question seems to me to implicate things like Burford abstention because... No, no. Burford... No, I'm not talking about abstention. Really. Believe me. Okay. I think he's just talking about carving one issue out and asking a second court to decide that one issue and then plug the answer back into what the first court is doing, especially in the federal state context. Yep. So I think this court's decision in Bethune would be a good example of, at least under the type of relief that's sought here, why that would not be a problem under comedy and federalism. So in Bethune, there was an ongoing state proceeding to demote the federal plaintiff's health license. And the federal plaintiff sought an injunction requiring that the state hold a hearing before determining whether... Before the license was demoted. And this court said that that was entirely proper to be decided in federal court because there was not the type of undue interference that the comedy and federalism principles underlying abstention would require. And the same is true here. Deciding the constitutional claim that these children have brought would not implicate or unduly interfere with the state court proceedings. In fact, it would do the opposite. As the complaint alleges and studies show, providing these children counsel dovetails with the state's interest. The state says it brings these chance proceedings on the child's behalf to serve their interests. And that's what counsel would do, too. So can I ask you this, Mr. Lloyd? And I realize this is maybe a bit too many steps down the road, but it's been bothering me about this case. I was trying to think of areas of law in which the Supreme Court has announced in a non-criminal setting, which I agree with you this is, a constitutional right to counsel. Now, there are a lot of people who argue that there should be. They say a civil Gideon or they say all sorts of things like that. But I am hard-pressed to think of that kind of a holding from the Supreme Court. So even if you got over abstention, can you point to anything? I don't know if any case judge would, but I do know that the fundamental liberty interests that the children that are affected for these children in these types of proceedings are like the types of interests that have been enough in other cases. Like which cases? Give me some help here. I think Gideon would be an example of what you're talking about. These children, if they are found to have been abused and are taken from their parents, they are subject to state control over almost every aspect of their lives. Right, and the state responds, you know, we're just not using a formal due process model here. Instead, we appoint either a guardian ad litem or a special advocate for the child. There is a potential, if the court sees an unusual case, the need for counsel. Counsel can be appointed. It apparently does not happen most of the time. But an explanation for that is that perhaps the guardian ad litem or the special advocate is able to represent the child's interests. So I'm really not sure where the foundation for what you're looking for is. I think the foundation is just the fundamental liberty interests of these children that are affected. Even the state recognizes that the parents have sufficient interests to require counsel in these proceedings and guarantees counsel to the parents. But it's not the parents who could be taken from their homes. It's not the parents who could be subjected to state control over their medical care. It's the children. And these children should have the right to counsel in the proceedings. And they at least should have the right to have a federal court make that determination. Because at the end of the day, what Sprint says... Go ahead, Judge. Go ahead. No, finish. I'm sorry. I was just going to make clear that the clear holding of Sprint is that even in the presence of parallel state court proceedings, abstention is the exception, not the rule. I would like to take you back for a minute to Younger. In Moore, the children as well as the parents were plaintiffs in the federal suit bringing constitutional challenges to the Texas statutes regarding removal of abused children. But the Supreme Court didn't seem to make any distinction between the claims of the parents and the claims of the children in finding that Younger abstention was appropriate in the federal case. I'm wondering how that squares with your argument. Because wouldn't the... I mean, would the court not have allowed the claims of the children to proceed in federal court, if you're correct, that Younger doesn't apply to cases brought by children in CHIN's proceedings? Because, you know, the children have not engaged in any conduct that violates state law. I think you're right, Judge, that the court didn't address that distinction. It did in later cases. So Doran against Salem is the case where the Supreme Court addressed multiple plaintiffs and held that each party must be considered as if they stood alone. But even aside from that, Moore is different because of the relief sought. The children here are not trying to raise a constitutional challenge to the state's authority to take them from their parents. And it's also different because the proceedings at issue here are no longer the type of proceeding that was going on at Moore. At least that the ongoing proceedings are different in kind from the type of proceeding that was at issue in Moore. I see I'm reaching my rebuttal time. I'd like to reserve the remainder of my time. Certainly, counsel. Ms. Payne. May it please the court. Federal plaintiffs in this case ask a federal court to interfere with ongoing state court child welfare proceedings. Younger precludes such interference because these are civil enforcement proceedings brought by the state in its sovereign capacity. So, Ms. Payne, can I ask you one aspect of your argument that's very troubling to me? You push very hard that there is every opportunity necessary in the state courts to raise a potential argument that perhaps Indiana's constitution or the federal constitution assure a right to counsel in this situation. But I have trouble envisioning how a 7-year-old child is going to have the sophistication to pop up in one of these proceedings and say, by the way, Your Honor, I'd like to argue to you that I have a right to counsel. Most of us have been around 7-year-old children enough to realize that that's utterly unrealistic. So even though the courts may be open to that kind of argument, how is that even possible under the actual circumstances of these cases? Well, the U.S. Supreme Court held in more of these sins that younger is appropriate unless state law clearly bars the interposition of constitutional claims. And there's no state law for that. Are you saying a 2-year-old would have to? I mean, how far is the state pushing this? I mean, in other words, I'm trying to say Indiana doesn't have to have a subsection of a statute saying we forbid people from raising right to counsel arguments. I get that. But when you are dealing with minors, you get caught in kind of a vicious circle unless you're thinking of a pretty extraordinary minor. Your Honor, the minors here have court-appointed special advocates, and the court-appointed special advocates could raise those claims. Or plaintiffs' federal counsel, in this case, could merely appear in the state court proceeding and raise those claims there. How often do you have volunteer counsel? Obviously, in this current world, you don't appoint counsel, or the courts don't appoint counsel, as I gather, in excess of 10% of the time or maybe not even that. But how often do volunteer counsel wind up getting arranged? Your Honor, the state statute requires the children to have court-appointed special advocates or guardian ad litems. Right, and they're non-lawyers. I mean, I'm sure they're wonderful people and they're doing everything they can, but they're not lawyers. And so, presumably, they wouldn't know to raise certain points. Your Honor, the court-appointed special advocates in this case are represented by attorneys, so they have attorneys to help them file motions. How does that person come into the picture? Do they arrange for them privately, or does the state intervene? That's the practice in Lake County. That's the what? That's the practice in Lake County for all the court-appointed special advocates to be represented by attorneys. In what state court forums could the children bring their claims? Can they challenge the statute in the chintz proceedings themselves, or would they have to bring a separate suit in state court? No, Your Honor, they could challenge the rights counsel in the chintz proceedings themselves. Through these advocates? Through the court-appointed special advocates or through their federal counsel appearing in the state court chintz proceedings. Younger applies here because child welfare proceedings are a state court action brought by the state to enforce state policy. Precedents confirm that child welfare proceedings are civil enforcement proceedings. The U.S. Supreme Court held in Moore, and this court held in Milstein and Bronkin, that younger applies to child welfare proceedings, and plaintiffs cite no cases to the contrary. But in those cases, it wasn't the children. Go ahead, Judge Roper. Thank you. For the seven plaintiffs whose chintz cases are closed, I understand that you are contending that their claims are moot. Assume for a moment that they're not moot, that they're capable of repetition, etc., etc. What would be the conflict with state proceedings if their cases were effectively over for now? Why should those seven plaintiffs not be allowed to move forward on their federal challenge to the right to counsel, given that they might very well find themselves back in chintz proceedings long before they reach adulthood? Well, Your Honor, I don't think younger would bar their claims in that sense, but our position is that the case is moot with respect to the children who no longer have ongoing proceedings, and they would not meet the standard for pre-enforcement challenge. Can you tell me, as a matter of state procedure, is some distinctive order entered by the court at that time saying, in effect, the way our Rule 58 judgments do, this case is now over, period? Can you tell by looking at the record? The cases are not considered complete until there's been a permanent placement for the child. So that would be either the child would return to the biological parents, or the child would be adopted. Or maybe reach 21 or adulthood? Yes, Your Honor. Can you respond to the argument near the bottom of page 10 of the reply brief that the children are effectively plaintiffs in the chintz proceedings? How would you respond to the claim that these are parallel requests for relief by the same party and not subject to younger abstention? Your Honor, these are not parallel requests for relief because the children have no right to bring chintz proceedings on their own. Chintz proceedings are always initiated by the state in its sovereign capacity, by the Department of Child Services, or by the local prosecutor. And that's what makes them civil enforcement proceedings. Younger applies here because child welfare proceedings are a state court action brought by the state to enforce state policy. Plaintiffs need not have violated state law for younger to apply. In Hixby-Miranda, the U.S. Supreme Court applied younger, even though the federal plaintiffs were not subject to the state court proceedings. And in Collins v. Kendall County, this court did the same thing. Second, plaintiffs' relief would unduly interfere with the ongoing chintz proceedings. The U.S. Supreme Court held in Kowalski that younger applies to right-to-counsel cases. And a federal court order declaring that the children have a right to counsel in child welfare proceedings could call into question the lawfulness of everything that has occurred in those proceedings, often over the course of several years. Can you explain why you think it would be so terribly disruptive to have this right recognized? It seems to me it would be entirely easy to make it prospective as to, you know, people who are presently in certain proceedings. And you seem to think such an order would inevitably unwind everything that's ever happened in Indiana. I'm not sure that's fair. Your Honor, plaintiffs here are not just asking for the appointment of counsel. They're asking for the appointment of counsel who represent not the best interests of the child, as the court appointed special advocacy guardian, Adelina, would, but counsel who are willing to do whatever the child wants in that proceeding. Why do you draw a distinction between the best interest of the child and what the child wants? I mean, that seems bizarre to me. They, as lawyers, matter of the code of professional ethics, they are obliged to act in the best interest of their client. But that's not what the plaintiffs are asking for here. For example, if you had a case with a very young child whose parents, biological parents, were drug users, and the young child wants to return home to their mother and father, the best interest of the child might be for the parents to stop using drugs before the child returned home. But the child may want to return home immediately because they're homesick or lonely. And so if the counsel is representing whatever the child wants, counsel might ask for the child to return home even before the parents cease their drug use. You really think that there would be such an advocate that would say, the parents are zonked out on drugs at all times, but this eight-year-old wants to go home. And so I am arguing that this eight-year-old should go home. That's what plaintiffs are requesting here, Your Honor. So I think what plaintiffs are pointing out is that however well-motivated, the guardian ad litem, or the special advocate, is not legally trained, and thus is simply not in a position, based on knowledge, to do as effective a job advocating for the child's interests as a trained lawyer would. And that argument makes perfect sense. That's why people have counsel in criminal proceedings, even though there might be well-meaning next friends around. That's why we allow people to be represented in all kinds of proceedings. It's why, as a matter of statute, immigration law allows lawyers. People don't necessarily know the web of laws that would pertain to this kind of situation. So if you're relying on the fact that counsel is going to just implement whatever a four-year-old says, I don't think that's a very strong argument. No. Can you elucidate a bit? Your Honor, that's exactly what plaintiffs are requesting here, is for the attorney to advocate for what the child wants. The children here already have court-appointed special advocates. We'll ask Mr. Lloyd that. I'm just saying there's a difference between a lay advocate and counsel. Maybe not as big a difference as the bar sometimes thinks, but there is a difference. But I'll ask Mr. Lloyd. We respectfully request that this court affirm the judgment below. Thank you. Thank you, Ms. Payne. Anything further, Mr. Lloyd? Yes, a few points, Your Honor. All we're asking here is that the federal courts remain open to decide these children's federal claims. The starting point for that question is Congress's determination that granted federal courts jurisdiction over these claims. And the Supreme Court has been clear that even in the presence of parallel state court proceedings, the federalism and comity concerns that underlie younger and similar rules, the result is still that deference to state courts is the exception, not the norm. But Mr. Lloyd, let me cut you off for a second and say, one of the points that's important to me, at least in this case, under one of the branches of younger law, is whether the contention that you're raising, which is this right to counsel contention, can effectively be raised in the state courts. I understand the state to be saying yes, because not only is there this guardian ad litem, or court-appointed special advocate, but those people, in turn, are represented by counsel. And if counsel thinks that there is some problem with what's going on in the representation of the child, that counsel will, in effect, serve as counsel for the child. So maybe you think that's wrong, or maybe you agree with Ms. Payne's characterization of your position that the role of these lawyers is just going to be to pursue whatever a child asks for, no matter how immature the child. But I'd like to hear what you think the net result would be, and why counsel for the guardian ad litem, et cetera, isn't a sufficient answer. Well, First Your Honor, we disagree with the state that an appointment of counsel here would do anything other than represent the children's best interests. I think that, as the court suggested, the attorneys would be ethically obligated to pursue their client's best interests. And I think that dovetails and aligns with the state's interests, which is one of the reasons why there is no undue interference. As to counsel for the CASAs, that's a new fact that I didn't see in any of the briefing. But I think I heard counsel say that that was true as to one of the counties here, but not all of the counties. She mentioned Lake County specifically. I don't know whether to exclude others, or maybe that's just what she knew. Yeah. I also do not know, Your Honor, because, again, this is new. And as to the overriding issue, I think the federal courts must remain open for these types of claims. Younger and the federalism and comity concerns are designed to prevent a specific type of forum shopping, which is the idea that if you violate state law and the state prosecutes you for it, you can't use a federal action as a form of defense removal. But that's not what's happening in this case. These children have never been accused of violating state law. And to extend younger here would close federal courts to them, potentially well beyond younger or any other exception to federal jurisdiction that the Supreme Court has recognized. Thank you. Thank you very much, Mr. Lloyd. The case is taken under advisement. The court will take a 10-minute recess before calling the third case.